UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALHASSANE DIALLO,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-3177-CAB-SBC<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING EX PARTE MOTION AS MOOT, [Doc. No. 14].** |

On May 21, 2026, Petitioner Alhassane Diallo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  On June 24, 2026, Respondents filed an ex parte motion seeking to vacate the Court's Order that enjoined Respondents from transferring Petitioner during the pendency of his habeas proceedings. [Doc. No. 14.]  For the following reasons, the Court **DISMISSES** the Petition and **DENIES AS MOOT** Respondents' motion to vacate.

### I.    BACKGROUND

Petitioner is a native and citizen of Guinea.  He was encountered by immigration authorities on March 30, 2026 close to the United States–Mexico border, detained, and issued a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1).  [Doc. No.

1

13-1 at 1–6.]  Petitioner later received a credible fear interview with an asylum officer pursuant to § 1225(b)(1)(ii); the interview resulted in a negative determination.  [Doc. No. 13 at 2.]  An immigration judge ("IJ") reviewed and affirmed the asylum officer's negative determination on May 5, 2026.  [*Id.* at 2–3.]  Petitioner's case was then returned to the Department of Homeland Security ("DHS") to effectuate Petitioner's expedited removal.  [*Id.* at 3.]

Petitioner appealed the IJ's order to the BIA.  [*Id.*]  His appeal to the BIA was dismissed first for failure to pay the filing fee, and then because the BIA lacks jurisdiction to review an IJ's credible fear determination.  [*Id.*]

Respondents now aver that they have secured a travel document and flight and are ready to effect Petitioner's removal to Guinea once the Court decides the Petition and lifts the order enjoining transfer out of the district.  [*Id.*; Doc. No. 14 at 1–2.]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Petitioner states without any factual or legal support that his detention is governed by 8 U.S.C. § 1226.  [Petition at 5.]  Petitioner's crossing details and subsequent removal documents flatly contradict this claim.  Petitioner was apprehended on foot "approximately 10 yards north of the United States-Mexico International Boundary."  [Doc. No. 13-1 at 4.]  From the start, he was detained "pending Expedited Removal."  [*Id.*]  And Petitioner was ultimately ordered removed under the expedited removal provisions of § 1225(b)(1).  [Doc. No. 13-1 at 9–10.]

3:26-cv-3177-CAB-SBC

Respondents therefore argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(e)(2), which provides that "[j]udicial review of any determination made under section 1225(b)(1) . . . is available in habeas corpus proceedings, but shall be limited to determinations of" whether the petitioner is an alien, whether the petitioner was ordered removed under § 1225(b)(1), and whether the petitioner can prove by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum.

None of the three narrow avenues for habeas relief apply here. Petitioner concedes that he is a noncitizen. [Petition at 1.] Respondents provided proof that Petitioner was detained and ordered removed under § 1225(b)(1). [Doc. No. 13-1 at 1–10; *see also* 8 U.S.C. § 1252(e)(5) ("In determining whether an alien has been ordered removed under [8 U.S.C. § 1225(b)(1)], the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.").] And Petitioner does not claim that he has been granted status as a lawful permanent resident, refugee, or asylee. [*See generally* Petition.] Rather, Petitioner's challenge appears to be to the process he was afforded during his expedited removal proceedings. [*See, e.g.*, Petition at 6 ("[Petitioner] was rushed to a removal order in three days and has since been denied a meaningful hearing to present evidence of his vulnerability, his lack of dangerousness, and his pending appeal.").] Petitioner's claims thus fall outside this Court's limited habeas corpus jurisdiction provided within § 1252(e)(2).

The Court also notes that once the IJ affirms the asylum officer's negative credible fear determination in an expedited review proceeding, a noncitizen is not entitled to further review of the negative credible fear determination from either the BIA or federal courts. *See* 8 U.S.C. § 1252(a)(2)(A)(iii) (no judicial review of the application of § 1225(b)(1) to individual noncitizen); 8 C.F.R. § 1003.42(f)(2) ("No appeal shall lie from a review of a negative fear determination made by an immigration judge."); 8 C.F.R. § 1208.30(g)(2)(iv)(A) ("If the immigration judge concurs with the determination of the

3

asylum officer that the alien does not have a credible fear of persecution or torture, the case shall be returned to DHS for removal of the alien.  The immigration judge's decision is final and may not be appealed.").

The Court therefore concludes it does not have subject matter jurisdiction to consider Petitioner's habeas petition and so **DISMISSES** it for lack of jurisdiction.  *See Mendoza-Linares v. Garland*, 51 F.4th 1146, 1155 (9th Cir. 2022).  Respondents' motion to vacate is **DENIED AS MOOT**.  [Doc. No. 14.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: June 26, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-3177-CAB-SBC